IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| TRACY WOODALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 2:24-cv-02698-SHM-tmp |
| FLOYD BONNER, JR., ET AL., | ) ) ) |
| Defendants. | ) ) ) |

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET; DENYING REQUEST FOR INJUNCTIVE RELIEF (ECF NO. 3); DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART; AND GRANTING LEAVE TO AMEND CLAIMS DISMISSED WITHOUT PREJUDICE**

On September 24, 2024, Plaintiff Tracy Woodall, Tennessee Department of Correction number 593302, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1), a motion for leave to proceed *in forma pauperis* (ECF No. 2), and a motion for prospective and preliminary injunctive relief (ECF No. 3). When Woodall filed the complaint, he was incarcerated at the Shelby County Jail (the "SCJ") in Memphis, Tennessee. (ECF No. 1.) On December 11, 2024, the Court granted Woodall's application to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee. (ECF No. 6.) On February 6, March 18, and April 16, 2025, Woodall filed a notice of change of address notifying the Court of his transfer to the Shelby County Division of Corrections. (ECF Nos. 7, 8 & 9.)

Woodall's complaint (ECF No. 1) and motion for prospective and preliminary injunctive relief (ECF No. 3) are before the Court.

The complaint is based on incidents that occurred on or around September 6, 2023, during Woodall's incarceration at the SCJ. (*See* ECF Nos. 1 & 3.) The complaint is liberally construed to assert claims for Eighth Amendment violations of conditions of confinement, excessive force, and failure to protect. (ECF Nos. 1 & 3 at PageID 2-4, 13-15.) Woodall names seven Defendants: (1) Floyd Bonner Jr., Shelby County Sheriff; (2) Sergeant Burford, Shelby County Sheriff's Department ("SCSD"); (3) Lieutenant Varnes, SCSD; (4) Lieutenant Jones, SCSD; (5) Shelby County Criminal Justice Center ("SCCJC"); (6) Shelby County Sheriff's Office ("SCSO"); and (7) unknown past and present Chief Jailer. (ECF No. 1 at PageID 1-2.) The complaint does not specify the capacity in which Woodall sues the individual Defendants. (*See* ECF No 1.) The Clerk is DIRECTED to add Shelby County, Tennessee, as a Defendant.

Woodall seeks injunctive relief and damages in the amount of one million dollars ($1,000,000.00). (ECF Nos. 1 & 3 at PageID 3, 15.)

For the reasons explained below, the Court: (1) **DENIES AS MOOT** Woodall's request for injunctive relief (ECF No. 3); (2) **DISMISSES** Woodall's complaint **WITH PREJUDICE IN PART** and **WITHOUT PREJUDICE IN PART** (ECF No. 1); and (3) **GRANTS** leave to amend the claims dismissed without prejudice.

I. BACKGROUND

Woodall alleges that his Eighth and Fourteenth Amendment rights were violated during his incarceration at the SCJ. (ECF No. 3 at PageID 13.) Woodall alleges that he is incarcerated under "cruel and unusual conditions" and that the SCJ is "unsafe" and an "inhumane environment[]." (ECF No. 1 at PageID 2.) Woodall alleges that the Defendants are guilty of "wanton infliction of pain[.]" (*Id.*) Woodall alleges that jail overcrowding "exposes [Woodall] to [an] unconstitutional risk of harm." (*Id.*) Woodall alleges that "inadequate staff" are unable to "properly supervise

2

inmates" and are "insufficient" to protect inmates from the "unreasonable risk of violence." (*Id.*) Woodall alleges that there is not enough "cell space to segregate inmates." (*Id.*)

Woodall alleges the safety of inmates and staff are at risk because fires are "being set" and other safety hazards. (*Id.* at PageID 4.) The SCJ has restricted inmate opportunities for physical exercise and negatively affected the "mental or physical health of inmate[s]." (*Id.*) Woodall alleges the number of incidents of physical violence and assault has increased because of overcrowding and the inability to lock cells. (*Id.*) Woodall alleges "security is impossible to maintain." (*Id.*) Woodall alleges inmates "voluntarily submit themselves to the inhumane conditions of prison/jail isolation cells" to protect themselves from violence. (*Id.*) Woodall alleges that SCJ "[g]uards rarely enter the cell blocks and dormitories, especially at night when their presence is most needed." (*Id.*)

Woodall alleges he was involved in a "physical altercation" with another inmate because of the unsafe conditions and lack of supervision at the SCJ. (*Id.*) Woodall alleges he received a "write up" for the incident. (*Id.*) Woodall alleges "Officers and responsible staff overlooked and totally disregarded their duties[.]" (*Id.*) Woodall alleges "most inmates" at the SCJ carry "homemade or contraband" for "self-protection." (*Id.*)

## II. SCREENING

### LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil

3

Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### III.   ANALYSIS

#### A.   Request for Injunctive Relief (ECF No. 3)

Woodall seeks injunctive relief in the form of a "[p]risoner/[i]nmate [r]elease [o]rder[.]" (ECF No. 3 at PageID 13.) Woodall requests an order ensuring that inmates are "not subjected to

4

any punishment beyond" what is necessary; that "proper" repairs are made to cells, doors and showers; that roaches and "other rodents" are exterminated; that cells and showers have "properly working" and "adequate" hot and cold water; and that the SCJ provide the necessary number of guards to "assure a constitutional level of inmate safety". (*Id.* at PageID 14-15.) Because Woodall is no longer at the SCJ, his request for injunctive relief is moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (claim for declaratory or injunctive relief is rendered moot by the plaintiff's transfer to a different prison facility); *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison and prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same); *Tramber v. Pleasant*, No. 4:12CV-P31-M, 2012 WL 4594339, at *5 (W.D. Ky. Oct. 2, 2012) (inmate's claim for a transfer and medical care moot when he was transferred to another facility).

**B.     § 1983 Claims**

Woodall sues under 42 U.S.C. § 1983. (ECF No. 1 PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

**C.     Bonner, Burford, Varnes, Jones and Shelby County, Tennessee**

Woodall does not specify whether he sues Bonner, Burford, Varnes and Jones in their official or individual capacities. Although it is preferable that a plaintiff state explicitly whether a defendant is sued in his or her "individual capacity," the failure to do so is not fatal if the "course of proceedings" demonstrates that the defendant received sufficient notice that the intent was to hold the defendant personally liable. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). The Sixth Circuit has applied a "course of proceedings" test to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold a defendant personally liable. *Id.*

5

at 773; *see Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *3 (6th Cir. Apr. 1, 2024); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (noting that the "course of proceedings" in unspecified capacity cases typically will indicate the nature of the liability sought to be imposed). The "course of proceedings" test considers the nature of the plaintiff's claims, requests for compensatory or punitive damages, the nature of any defenses raised in response to the complaint, and whether subsequent filings put the defendant on notice of the capacity in which he or she is sued. *Moore*, 272 F.3d at 772 n.1 (citing *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995)).

Based on the course of proceedings to date, Woodall's claims against Bonner, Burford, Varnes and Jones are official capacity claims. The official capacity claims in Woodall's complaint are treated as claims against Bonner, Burford, Varnes and Jones' employer — Shelby County. *See Jones v. Union Cty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Woodall does not state a claim against Shelby County.

Shelby County may be held liable only if Woodall's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby making clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Woodall does not allege that

6

he has been deprived of a right because of a policy or custom of Shelby County.  Woodall instead seeks relief based on general allegations about his experiences during his incarceration at the SCJ.  Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g.*, *Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007).  The allegations in the complaint fail to identify an official policy or custom of Shelby County that injured Woodall.

Woodall does not state a claim against Shelby County or against any Defendant in that Defendant's official capacity.  Woodall's claims against Bonner, Burford, Varnes, and Jones in their official capacities and against Shelby County, Tennessee are **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating claims to relief.

### D.     SCCJC and SCSO

Woodall names the SCCJC and the SCSO as Defendants.  (ECF No. 1 at PageID 1-2.)  Under § 1983, a jail is not a "person" subject to suit.  *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)).

It is well-established in the Sixth Circuit that a police department is not a proper defendant in a § 1983 action.  *See Matthews*, 35 F.3d at 1049 ("[T]he Police Department is not an entity which may be sued").  "[S]ince Matthews, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit."  *Mathes v. Metro Gov't of Nashville & Davidson Cnty.*, 2010 WL 3341889, at *2 (M.D. Tenn., Aug. 25, 2010).

Police departments can properly be characterized as "sub-units of the municipalities they serve." *Sargent v. City of Toledo Police Dep't*, 150 Fed. App'x 470, 475 (6th Cir. 2005); accord *Kindle v. City of Jeffersontown, Ky.*, 374 F. App'x 562, 570 (6th Cir. 2010); *Duck v. Madison Cnty. Sheriff's Dep't*, No. 17-1043, 2018 WL 2966950, at *3 (W.D. Tenn. June 13, 2018) (citing cases).

Woodall's claims against the SCCJC and the SCSO are DISMISSED WITH PREJUDICE.

E.  **Unknown Past and Present Chief Jailer**

Woodall sues unknown "past and present Chief Jailer." (ECF No. 1 at PageID 1.) Woodall fails to allege a cognizable claim against the unknown chief jailer/s at the SCJ. Federal Rule of Civil Procedure 10(a) requires a plaintiff to "name all the parties" in a complaint. Service of process cannot be made on an unidentified party, and the filing of a complaint against an unknown defendant does not toll the running of the statute of limitation. *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548-49 (6th Cir. 2016) ("The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party." (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))). Before Woodall can proceed against any unnamed jailers at the SCJ, Woodall must first identify the individuals and re-allege his claims against them.[1]

Woodall's allegations against the unnamed jailers at the SCJ fail to state a claim to relief, and those claims are **DISMISSED WITHOUT PREJUDICE**.

---

[1] The Sixth Circuit has explained that "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox*, 75 F.3d at 240. Woodall must meet the requirements of Federal Rule of Civil Procedure 15(c) "in order for the amendment adding the named defendant to relate back to the filing of the original complaint." *Id.*

8

IV. **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (*per curiam*) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court grants leave to amend the complaint under the conditions set forth below.

V. **CONCLUSION**

For the reasons set forth above:

A. The Clerk is **DIRECTED** to add Shelby County, Tennessee as a Defendant;

B. The Court **DISMISSES WITH PREJUDICE** Woodall's claims against the SCSO and the SCCJC;

C. The Court **DISMISSES WITHOUT PREJUDICE** Woodall's § 1983 claims against Bonner, Burford, Varnes, Jones and the unknown "past and present Chief Jailer" in their official capacities and against Shelby County, Tennessee for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1);

D. Woodall's request for injunctive relief (ECF No. 3) is **DENIED AS MOOT**;

E. Leave to amend the claims dismissed without prejudice is **GRANTED**. Amended claims must be filed within twenty-one (21) days of the date of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule Eight's requirement of a short and plain statement of Woodall's claims. An amended complaint supersedes the complaint and must be complete in itself without reference to the prior pleadings. Woodall or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint. All claims alleged in an amended complaint must arise from the facts alleged in the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Woodall fails to comply with Rule Eight and the Court's instructions for pleading amended claims, the Court will dismiss improperly pled amended claims with prejudice;

F. If Woodall fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice and enter judgment. The Court recommends

that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). See Simons v. Washington, 996 F.3d 350, 353 (6th Cir. 2021); and

G. Woodall is **ORDERED** to notify the Court immediately, in writing, of his current address, if he is transferred or released. If Woodall fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

**IT IS SO ORDERED**, this *26th* day of August 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE